# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JUAN F. SOLANO, | : | |
| | | Case Nos. 3:11cv00112 |
| Petitioner, | : | 3:08cr00154-1 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

This matter is before the Court on *pro se* Petitioner Juan F. Solano's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. # 108); Respondent's answer and motion to dismiss (Doc. #s 115, 116); Petitioner's reply (Doc. # 118); and the record as a whole.

In his motion, Petitioner sets forth the following ground for relief:

**Ground One**: Sixth Amendment violation of the right to effective assistance of counsel within the meaning of *Kentucky v. Padilla*, [sic; *Padilla v. Kentucky*], 130 S. Ct. 1473 (2010).

**Supporting Facts:** Counsel affirmatively misadvised the Petitioner as to the collateral consequences of his guilty plea.

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

(Doc. # 108, PageID at 396). In his Memorandum of Law, Petitioner also argues that he was the victim of entrapment and that his counsel provided constitutionally ineffective assistance for failing to raise this defense. (Doc. # 108, PageID at 409-413).

Respondent maintains that Petitioner's motion lacks merit and is time-barred.

## I. PROCEDURAL AND FACTUAL HISTORY

In October 2008, a federal grand jury indicted Petitioner on one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). (Doc. # 10). On March 4, 2009, Petitioner entered a plea of guilty to this charge. (Doc. #s 52, 53). During his plea hearing, the Court reviewed the facts underlying the charge against Petitioner, and he admitted the truth of those facts as follows:

> THE COURT: All right. Now, Mr. Solano, you've indicated a willingness to enter a plea of guilty to a charge of conspiracy to distribute and possess with the intent to distribute heroin in excess of one kilogram of a mixture or substance containing heroin. I'm going to read certain facts to you. These are the facts behind that charge. These are the facts to which you are pleading guilty. After I've read these facts to you, I will ask you if they are correct. According to these facts, beginning on a date no later than August 2007 until October 2008 you participated in a conspiracy to distribute and possess with the intent to distribute at least one kilogram of heroin into the Dayton, Ohio area, which lies within the Southern District of Ohio. The individuals with whom you assisted and agreed to distribute heroin included but are not limited to Carlos Solano, Carlos Tapia, and an individual referred to as T.T. You obtained heroin from sources of supply which you sold to T.T. with the understanding that T.T. would be distributing the heroin into the Dayton, Ohio area. To facilitate or to bring

|  | about the delivery of the heroin, you typically gave the heroin to Carlos Tapia, and he in turn would deliver it, the heroin, to T.T. by car. T.T. then sold the heroin and made payment for the heroin shipment in part from the proceeds of these sales. On multiple occasions, Carlos Solano collected the illegal drug proceeds from T.T. at prearranged meeting places such as when Carlos Solano met T.T. at Cabela's in West Virginia on October 17th, 2008. With your full knowledge and participation, at least 1,252.82 grams of heroin were provided to T.T. for distribution into the Dayton area including at least two deliveries in the summer and fall of 2008. Are those facts correct? |
|---|---|
| [SOLANO]: | Yes, sir. |
| THE COURT: | Do you understand, sir, that those are the facts behind the charge of conspiracy to distribute and possess with the intent to distribute in excess of one kilogram of heroin? |
| [SOLANO]: | Yes, sir. |
| THE COURT: | Do you have any questions at all as to the meaning of this charge to which you are pleading guilty? |
| [SOLANO]: | No, sir. |
| THE COURT: | Do you understand that the facts to which you've just agreed are true are the facts to which you're pleading guilty? |
| [SOLANO]: | Yes, sir. |

(Doc. # 121, PageID at 528-30). After further discussions with Petitioner, his attorney, and an Assistant United States Attorney, the District Court accepted Petitioner's guilty plea and found him guilty of committing of conspiracy to distribute and possess with intent to distribute heroin as charged in count one of the indictment.

Later, on July 14, 2009, the District Court sentenced Petitioner to 120 months of

incarceration.  (Doc. #s 80, 82).  Petitioner did not file a direct appeal of his conviction or sentence.

In March 2010, nine months after Petitioner was sentenced, the Supreme Court decided *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473, 1478 (2010), addressing whether defense "counsel had an obligation to advise [her client] that the offense to which he was pleading guilty would result in his removal from this country." *Id.*, __ U.S. at __, 130 S. Ct. at 1478.  The Court held and explained, "It is our responsibility under the Constitution to ensure that no criminal defendant – whether citizen or not – is left to the 'mercies of incompetent counsel.'  To satisfy this responsibility, we now hold that counsel must inform her client whether his plea carries a risk of deportation.  Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less." *Padilla*, __U.S. at __, 130 S.Ct. at 1486.

Believing that his attorney gave him wrong information about the consequences of his guilty plea – specifically, that his guilty plea would not result in deportation – Petitioner finds solace in *Padilla*, as seen in his contention that he suffered the same constitutional violation identified in *Padilla*.  He therefore filed his instant §2255 motion on April 6, 2011, citing *Padilla* and asserting constitutionally ineffective assistance of counsel.  (Doc. # 108).

## II. APPLICABLE LAW

### A. 28 U.S.C. § 2255

A federal prisoner who claims that his sentence was imposed in violation of the Constitution or laws of the United States or "is otherwise subject to collateral attack" may move the sentencing court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must demonstrate an error of constitutional magnitude occurred that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). Under § 2255, a petitioner must establish: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States,* 417 U.S. 333, 346 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 428-429 (1962)). Claims not raised on direct appeal are waived for collateral review except where an error amounts to something akin to a denial of due process.

The Supreme Court has held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.*; *see also United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) ("as a general rule, a defendant may not raise ineffective

assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations") (quoting *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002)); *see United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990). Accordingly, "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Federal prisoners who wish to pursue claims for ineffective assistance of counsel thus usually "should do so by way of a collateral proceeding pursuant to 28 U.S.C. § 2255." *Sanders*, 404 F.3d at 986.

### B. <u>Statute of Limitations</u>

28 U.S.C. § 2255(f) provides:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner asserts that his petition was timely filed because it was filed within one

year of the decision in *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473 (2010), which, he argues, applies retroactively to cases on collateral review.

Respondent argues that Petitioner's claims are time-barred and that in any event, he cannot establish ineffective assistance of counsel.

**III.   ANALYSIS**

The Sixth Amendment presumes that a criminal defendant has "the right to the <u>effective</u> assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (emphasis added) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). This right applies "at all 'critical' stages of the criminal proceedings. Critical stages include . . . the entry of a guilty plea." *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 1405 (2012)(citations omitted); *see Lafler v. Cooper*, __U.S. __, 132 S.Ct. 1376, 1384 (2012); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

To establish a claim of ineffective assistance of trial counsel, a criminal defendant must make a two-part showing:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687; *see Frye*, __U.S. at __, 132 S.Ct. at 1405; *see also O'Hara v. Brigano*, 499 F.3d 492, 505 (6th Cir. 2007). To satisfy the prejudice prong, a defendant

"must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Overall, the constitutional standard for adequate representation is "an objective standard of reasonableness" in line with "prevailing professional norms." *Strickland*, 466 U.S. at 687-88. Counsel's performance also should be evaluated in light of the totality of the circumstances. *See Strickland*, 466 U.S. at 690; *see also Mason v. Mitchell*, 320 F.3d 604, 618 (6th Cir. 2003).

In the guilty-plea context, the second *Strickland* prong focusing on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59; *see Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006).

The Constitution requires that a defendant's plea be made knowingly, intelligently, and voluntarily. *Bousley*, 523 U.S. at 618; *see Brady v. United States*, 397 U.S. 742, 750 (1970). Ineffective assistance of counsel may prevent a defendant from entering a knowing and voluntary plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Where a guilty plea is entered upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. at 56 (citation omitted); *see Frye*, __U.S. at

8

__, 132 S.Ct. at 1404-05; *see also Lafler*, __U.S. at __, 132 S.Ct. at 1384.

During the plea colloquy, Judge Rice advised Petitioner as follows:

| | |
|---|---|
| The Court: | Are you a citizen of our country, sir? |
| The Defendant: | I believe so, sir, yes. |
| The Court: | All right. I ask only because if you were not you would be facing deportation, do you understand? |
| The Defendant: | Yes, sir. |
| The Court: | All right. Do you feel, sir, that you fully understand the fines and penalties that could result from a plea of guilty this morning? |
| The Defendant: | I do, sir. |
| The Court: | Has your lawyer, Mr. Durden, gone over all of that with you? |
| The Defendant: | Yes, sir. |

(Doc. # 121, PageID at 537-38).

Respondent correctly observes that even if Petitioner's counsel failed to advise him of deportation consequences the record clearly reflects that the District Court did. As such, Petitioner cannot demonstrate the prejudice prong necessary to establish ineffective assistance of counsel. Respondent's prejudice argument is significant because the Supreme Court in *Padilla* left open the possibility that the ineffective assistance of counsel Padilla received caused him no prejudice. This appears in the Court's statement that "[w]hether Padilla is entitled to relief will depend on whether he can demonstrate prejudice. . . , a question we do not reach. . . ." __U.S. at __, 132 S.Ct. at 1487.

9

With prejudice thus in mind, Respondent cites to *Smith v. United States*, 2011 WL 837747 (S.D. Fla. 2011), where the defendant claimed that his attorney was ineffective by providing incorrect advice about the possibility of deportation following his guilty plea. The District Court held, "Smith cannot satisfy *Strickland's* prejudice prong. Assuming counsel misadvised him, Smith became aware of the possibility he would be deported when the Court advised of this fact during the plea colloquy. Smith stated that he understood and nevertheless entered his guilty plea. Accordingly, the Court cured any error due to counsel's misadvice and Smith's plea. . . ." *Id*. at *11. Analogous circumstances arose in the instant case, resulting in the same no-prejudice conclusion reached in *Smith*. *Id*. During Petitioner's plea hearing, the District Court advised him that if he was not a U.S. citizen, he would face deportation upon pleading guilty. Petitioner affirmed his understanding of this. (Doc. # 121, PageID at 537-38). Therefore, assuming the truth of Petitioner's allegation – that his attorney incorrectly told him that he would not face deportation as a result of his guilty plea – Petitioner cannot establish prejudice. *See Smith*, 2011 WL 837747 at *11. Additionally, the United States Court of Appeals for the Sixth Circuit has held that if the District Court conducts a guilty plea colloquy that addresses a particular consequence, any defect in defense counsel's advice regarding that consequence is cured. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). The District Court did just that in the present case by informing Petitioner that if he was not a U.S. Citizen, he would face deportation in the event he pled guilty.

10

As such, Petitioner's ground for relief lacks merit.[2]

Petitioner also claims that his counsel rendered constitutionally ineffective assistance because he failed to present the defense of entrapment. Respondent correctly contends that this claim is barred by the one year statute of limitations under § 2255. This claim has nothing to do with the *Padilla* issue discussed above, and as such must have been raised within one year of the finality of Petitioner's conviction. Petitioner did not do so because he filed his §2255 in April 2011, well after the one-year statute of limitations expired. And, by arguing that *Padilla* should be applied retroactively, Petitioner effectively acknowledges that his § 2255 motion was not timely filed.

Accordingly, for all the above reasons, Petitioner's §2255 motion should be denied.

Because reasonable jurists would not disagree with the foregoing conclusions, Solano should be denied any certificate of appealability and leave to appeal *in forma pauperis*.

**IT THEREFORE IS RECOMMENDED THAT**:

1. Respondent's Motion to Dismiss (Doc. # 116) be GRANTED;

2. Petitioner 's motion to vacate, set aside or correct sentence (Doc. # 108) be

---

[2] Respondent further contends that *Padilla v. Kentucky* does not apply retroactively to Petitioner's July 2009 guilty plea. The Supreme Court recently granted certiorari to address to resolve a conflict in the Circuit Courts of Appeals over whether *Padilla* applies retroactively to cases on collateral review. *See Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011), *cert. granted*, 2012 WL 1468539 (Apr. 30, 2012). The Court need not address the issue however because even if *Padilla* does apply retroactively, Petitioner cannot establish prejudice.

11

DENIED in its entirety and DISMISSED with prejudice;

3. A certificate of appealability and leave to appeal *in forma pauperis* be denied; and

4. This matter be TERMINATED on the docket of this Court.


May 25, 2012                                s/Sharon L. Ovington
                                              Sharon L. Ovington
                                           United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen [14] days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen [17] days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen [14] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).