IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUAN F. SOLANO,                         :

    Petitioner,

    v.                                  :     Case Nos. 3:11-cv-112, 3:08-cr-154-1

UNITED STATES OF AMERICA,                     JUDGE WALTER H. RICE

    Respondent.                         :

---

DECISION AND ENTRY SUSTAINING THE REMAINDER OF RESPONDENT'S MOTION TO DISMISS (DOC. #116); DISMISSING WITH PREJUDICE PETITIONER'S ONE REMAINING CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON FAILURE TO INFORM PETITIONER OF COLLATERAL CONSEQUENCES OF GUILTY PLEA, AND OVERRULING MOTION TO VACATE UNDER 28 U.S.C. § 2255 (DOC. #108) IN ITS ENTIRETY; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; CERTIFICATE OF APPEALABILITY AND ANTICIPATED MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

---

In his Motion to Vacate, Set Aside or Correct Sentence, Doc. #108, Petitioner asserted two ineffective assistance of counsel claims, one based on counsel's failure to advise him of the collateral consequences of his guilty plea, and one based on counsel's failure to raise the defense of entrapment.

On October 10, 2012, the Court issued a Decision and Entry, Doc. # 124, adopting the United States Magistrate Judge's Report and Recommendations, Doc. #122, in part, and dismissing with prejudice Petitioner's § 2255 claim of

ineffective assistance of counsel based on failure to raise the defense of entrapment.

As to Petitioner's claim of ineffective assistance of counsel based on failure to inform Petitioner of the collateral consequences of his guilty plea, the Court sustained Petitioner's Objections to the Report and Recommendation, Doc. #123, agreeing that the Magistrate Judge had erred in finding that the Petitioner could not establish the requisite prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

The Court noted, however, that the viability of this claim was also dependent on a finding that the claim had been timely filed. Motions to vacate a sentence must be filed within one year from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's Motion to Vacate was filed more than a year after his judgment of conviction became final, but within one year of the date the Supreme Court

2

issued its decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), holding that defense attorneys have a duty to inform their clients of the deportation risks of a guilty plea. Petitioner maintained that *Padilla* applied retroactively and that his motion was timely under 28 U.S.C. § 2255(f)(3). Respondent disagreed.

The Court noted that, in *Chaidez v. United States*, the Supreme Court had recently agreed to take up the question of whether *Padilla* applied retroactively to cases already final on direct review. Accordingly, the Court reserved ruling on the one remaining ineffective assistance of counsel claim pending a decision in *Chaidez.*

On February 20, 2013, the Supreme Court decided that *Padilla* had established a "new rule" of criminal procedure and, therefore, did not apply retroactively to cases on collateral review. *Chaidez v. United States*, -- S.Ct. --, No. 11-820, 2013 WL 610201 (Feb. 20, 2013). In light of this ruling, the Court finds that Petitioner's one remaining ineffective assistance of counsel claim is barred by the statute of limitations set forth in 28 U.S.C. § 2255(f).

Having previously reserved ruling on this one remaining claim, the Court now SUSTAINS the remainder of Respondent's Motion to Dismiss (Doc. #116), and OVERRULES the remainder of Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. #108). The Court DISMISSES WITH PREJUDICE Petitioner's claim of ineffective assistance of counsel based on failure to inform him of the collateral consequences of his guilty plea.

Given that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability and denied leave to appeal *in forma pauperis*.

Judgment will be entered accordingly in favor of Respondent and against Petitioner.

This case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: February 25, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE