IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUAN F. SOLANO,                          :

      Petitioner,                     Case Nos. 3:08-cr-154(1), 3:11-cv-112

    v.                                   :     JUDGE WALTER H. RICE

UNITED STATES OF AMERICA,                MAGISTRATE JUDGE SHARON OVINGTON

      Respondent.                     :

---

DECISION AND ENTRY SUSTAINING IN PART PETITIONER'S MOTION
FOR RECONSIDERATION AND FOR APPOINTMENT OF COUNSEL
(DOC. #127); VACATING FEBRUARY 25, 2013, JUDGMENT (DOC.
#126); DIRECTING CLERK OF COURT TO REOPEN CASE; DIRECTING
UNITED STATES MAGISTRATE JUDGE TO APPOINT COUNSEL AND
CONDUCT EVIDENTIARY HEARING

---

In his Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28

U.S.C. § 2255, Petitioner Juan Solano argued that his Sixth Amendment right to

effective assistance of counsel was violated when his attorney affirmatively

misadvised him as to the collateral consequences of his guilty plea.  Doc. #108.

Petitioner relied heavily on *Padilla v. Kentucky*, 559 U.S. 356 (2010), in which the

Supreme Court held that an attorney must inform the client whether a guilty plea

carries a risk of deportation, and that a failure to do so may support a claim of

ineffective assistance of counsel.

A motion to vacate a sentence must be filed within one year from the latest of –

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner has argued that his motion was timely filed under subsection (3), because it was filed within one year of the date the Supreme Court decided *Padilla*, and under subsection (4), because it was filed within one year of the date he discovered that immigration officials had lodged a detainer against him, rendering him subject to possible deportation.  Doc. #108.

Respondent United States of America argued that Petitioner's motion was untimely because *Padilla* announced a new rule of criminal procedure and, therefore, did not apply retroactively to cases on collateral review.  In the alternative, Respondent argued that Petitioner's ineffective assistance of counsel claim lacked merit because Petitioner could not show that he was prejudiced by his

2

counsel's advice as required by *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. #115.

On May 25, 2012, the United States Magistrate Judge issued a Report and Recommendations.  Doc. #122.  She agreed with Respondent that Petitioner's claim failed on the merits because he could not establish the requisite prejudice.  In a footnote, she noted that the United States Supreme Court had recently granted certiorari, in the case of *Chaidez v. United States*, to determine whether *Padilla* applied retroactively to cases on collateral review.  She nevertheless declined to address the issue because, even if the claim were timely filed, it failed on the merits.  The Magistrate Judge made no mention of Petitioner's alternative argument that his claim was also timely filed under § 2255(f)(4).

On October 10, 2012, the Court sustained Petitioner's objections to the Report and Recommendation, and found that the Magistrate Judge erred in concluding that Petitioner would not be able to establish prejudice.  The Court noted, however, that the viability of the claim hinged on the question of whether it was timely filed.  It therefore reserved ruling, pending a decision in *Chaidez.*  Doc. #124.

After the Supreme Court decided that *Padilla* did not apply retroactively to cases on collateral review, *Chaidez v. United States*, 133 S.Ct. 1103 (2013), this Court concluded that Petitioner's ineffective assistance of counsel claim was time-barred under 28 U.S.C. § 2255(f), Doc. #125, and judgment was entered in favor of the United States, Doc. #126.

This matter is currently before the Court on Petitioner's Motion for Reconsideration and for Appointment of Counsel. Doc. #127. His motion is based on two grounds, only one of which has merit.

First, he argues that his case is factually distinguishable from *Chaidez*. *Chaidez* concerned an attorney's complete failure to advise the client of deportation consequences of a guilty plea; in contrast, Petitioner's attorney affirmatively misadvised him about the likelihood of deportation. He correctly notes that, at one point in its analysis, the majority in *Chaidez* acknowledged that, prior to *Padilla*, three federal circuits had held that material misstatements about deportation consequences could support an ineffective assistance of counsel claim, but this limited rule did not apply to Chaidez's case. 133 S.Ct. at 1112.

This discussion, however, occurred in the broader context of the majority's analysis of whether *Padilla* had established a new rule of criminal procedure. The Court concluded that because *Padilla did* establish a new rule, it did not apply retroactively to cases on collateral review. Notably, like Petitioner's case, *Padilla* involved claims of affirmative misadvice about the deportation consequences of a guilty plea. In short, the factual distinction noted by Petitioner does not change the fact that because *Padilla* does not apply retroactively to Petitioner's case, the statute of limitations provision contained in § 2255(f)(3) is inapplicable.

Second, Petitioner argues that even if *Padilla* does not apply retroactively, his ineffective assistance of counsel claim is still timely under 28 U.S.C. § 2255

4

(f)(4), since it was filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." He maintains that he did not discover that his attorney had provided incorrect advice concerning possible deportation until April 23, 2010, when immigration officials lodged a detainer against him. Ex. C to Mot. to Vacate.

Although Petitioner repeatedly made this alternative argument, in his Motion to Vacate, Doc. #108, in his reply brief, Doc. #118, and in his Objections to the Report and Recommendation, Doc. #123, it has been largely overlooked by Respondent and by this Court up to this point in the litigation. The Magistrate Judge's Report and Recommendation focused on the merits of the claim, rather than on the statute of limitations issue, and did not mention this argument at all. Even after Petitioner again raised the issue in his Motion for Reconsideration, Doc. #127, Respondent completely failed to address it in its response brief, Doc. #128.

It appears that § 2255(f)(4) *could*, in fact, provide an alternative basis for finding that Petitioner's claim of ineffective assistance of counsel was timely filed.[1] If he can prove that the facts supporting this claim were not discovered until April 23, 2010, and could not have been discovered any earlier through the exercise of due diligence, then his claim could be considered timely filed. Accordingly, the Court SUSTAINS Petitioner's Motion for Reconsideration and for Appointment of

---

[1] The Court notes that although Petitioner attached a copy of the April 23, 2010, immigration detainer as Exhibit C to his Motion to Vacate, Set Aside or Correct Sentence, Doc. #108, and has argued that this is the date he first learned that he might be deported, Petitioner has not yet submitted a sworn statement to that effect.

Counsel, Doc. #127, on this ground. The Court VACATES the Judgment that was entered on February 25, 2013, Doc. #126, and DIRECTS the Clerk of Court to reopen the case.

The United States Magistrate Judge is DIRECTED to appoint counsel to represent Petitioner, and to conduct an evidentiary hearing on: (1) the question of whether the Motion to Vacate, Set Aside or Correct Sentence was timely filed under § 2254(f)(4), *i.e.*, when the facts supporting Petitioner's ineffective assistance of counsel claim could have been discovered through the exercise of due diligence; and (2) the merits of Petitioner's ineffective assistance of counsel claim. Following the evidentiary hearing, the Magistrate Judge shall issue a Report and Recommendations.

Date: July 9, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE